RECORD NO. 12-4838

# In The
# United States Court Of Appeals
# For The Fourth Circuit

## UNITED STATES OF AMERICA,
*Plaintiff – Appellee,*

v.

## ERASMO HERRERA RUIZ,
*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE

_____

**REPLY BRIEF OF APPELLANT**
_____

**Henderson Hill, Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
*Appellate Counsel*
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**1 Page Avenue, Suite 210**
**Asheville, NC  28801**
**(828) 232-9992**

*Counsel for Appellant*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................... 1

    I.    The District Court Committed Procedural Error. ........................................ 2

        A.    *Carter* Error .................................................................................... 2

        B.    *Lynn* Error ..................................................................................... 5

        C.    *Simmons*-Related Error ................................................................. 7

    II.    The Upward Variance Sentence Is Substantively Unreasonable. ................ 8

CONCLUSION ....................................................................................................... 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

Page(s)

**Cases:**

*Gall v. United States*,
    552 U.S. 38 (2007) ............................................................................................3, 9

*Rita v. United States*,
    55 U.S. 338 (2007) ................................................................................................3

*United States v. Akhigbe*,
    642 F.3d 1078 (D.C. Cir. 2011) ..................................................................... 3, 4, 5

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ...............................................................................1, 2

*United States v. Elodio-Benitez*,
    672 F.3d 584 (8th Cir. 2012) ..................................................................................6

*United States v. Kimbrough*,
    552 U.S. 85 (2007) ...................................................................................... 1, 3, 9

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ........................................................................ 1, 5, 7

*United States v. Medina*,
    695 F.3d 702 (7th Cir. 2012) ..................................................................................6

*United States v. Rivera-Ramos*,
    578 F.3d 1111 (9th Cir. 2009) ................................................................................7

*United States v. Rodriguez-Rodriguez*,
    530 F.3d 381 (5th Cir. 2008) ..................................................................................7

*United States v. Simmons*,
    649 F.3d 237 (4th Cir. 2011) ........................................................................ 1, 7, 8

*United States v. Tristan-Madrigal*,
    601 F.3d 629 (6th Cir. 2010) ...............................................................................6, 7

**Statute:**

18 U.S. C. § 3553(a) ................................................................................................ 2, 3, 4, 5

# INTRODUCTION

The sentence imposed on Erasmo Ruiz in this run-of-the-mill illegal-reentry case—representing a significant upward variance that the Government did not ask for—is unreasonable. As explained in Ruiz's opening brief, the district court committed three separate, but related, procedural errors:

(1) it failed to provide an adequate "individualized assessment" explaining its sentence, as required by *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009);

(2) it failed to consider each of Ruiz's arguments supporting a within-Guidelines sentence, as required by *United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010); and

(3) it based its sentence in part on improper factors: uncertainty about its (ultimately correct) legal ruling applying this Court's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and the hypothetical Guidelines range that would have applied but for *Simmons*.

*See* Ruiz's Op. Br. at 6-7, 8-12. Perhaps unsurprisingly in light of these errors, the resulting sentence is also substantively unreasonable, as nothing distinguishes this case from the "ordinary case" for which a within-Guidelines sentence is appropriate. *See United States v. Kimbrough*, 552 U.S. 85, 109 (2007).

The Government's efforts on appeal to salvage this fatally flawed sentence lack merit, for the reasons explained below.

1

## I.  The District Court Committed Procedural Error.

### A.  *Carter* Error

The Government first argues that the district court did in fact provide the "individualized assessment" required by *Carter*. Gov't Br. at 9-11. In making this argument, however, the Government does nothing more than repeat the district court's non-individualized rationale—that "illegal re-entry to the United States after a drug dealing offense" requires an above-Guidelines sentence "to account for the § 3553(a) factors." *Id.* at 10; *see also id.* at 11 (arguing that an above-Guidelines sentence is justified to deter "illegally returning to this country after being convicted for dealing drugs").

As an initial matter, it is clear that the district court's mere assertion that the § 3553(a) factors support an upward variance is not sufficient to satisfy *Carter*. *See* 564 F.3d at 329 ("[A] talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review.").

Moreover, despite the Government's apparent contention to the contrary, invoking Ruiz's prior drug conviction also does not provide the required "individualized assessment." Just as the district court's explanation in *Carter* could have applied to a range of cases, the district court's stated rationale here—that the "interplay" between the illegal reentry statute and the federal drug laws required a stiff sentence (JA 52)—is inadequately individualized because it applies to a large category

2

of illegal reentry offenders: those with any prior drug-related conviction, no matter how petty.

Relying solely on such a categorical rationale is particularly insufficient where a sentencing court seeks to justify a significant deviation above the Guidelines range. As the Supreme Court has explained, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough*, 552 U.S. at 109 (quoting *Rita v. United States*, 55 U.S. 338, 350 (2007)). For that reason, the district court's explanation for a variance must distinguish the particular case before it from the "ordinary case" where a within-Guidelines sentence will "achieve § 3553(a)'s objectives." *Id.; see also Gall v. United States*, 552 U.S. 38, 50 (2007) (in imposing a non-Guidelines sentence, a district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance"). By varying upward in this case based on such a broad and generalized rationale, the district court provided no basis—much less a "compelling" one—to distinguish Ruiz from other illegal reentry offenders subject to the same Guidelines range and criminal history score. The district court therefore failed to provide the required "individualized assessment" supporting Ruiz's sentence.

The district court's procedural error in this case mirrors the one addressed by the D.C. Circuit in *United States v. Akhigbe*, 642 F.3d 1078 (D.C. Cir. 2011). In that case, the defendant was a physician convicted of healthcare fraud and making false

3

statements relating to health care matters.  As in this case, the Government sought a sentence at the high-end of the Guidelines range, but the district court *sua sponte* imposed an upward variance.  *Id.* at 1081.  In explaining its decision, the district court emphasized that healthcare fraud is a serious offense that imposes great costs on the healthcare system, costs that must be borne by individual patients as well as taxpayers.  *Id.* at 1085.  As a result, the court concluded that the § 3553(a) factors—particularly the severity of the offense, deterrence, and the need to protect the public—required it to impose an above-Guidelines sentence.  *Id.*

  The D.C. Circuit reversed, finding that the district court failed to provide an adequate, individualized explanation for the upward variance.  *Id.* at 1086-87.  While the district court had invoked the § 3553(a) factors, "it never explained why those factors justified Akhigbe's particular sentence."  *Id.* at 1086.  Moreover, the district court's views about the serious consequences of healthcare fraud were insufficient because "they would apply equally to any defendant convicted of this offense and thus provide no individualized reasoning as to why the court believed a sentence 12 months above the Guidelines range was appropriate for this particular defendant."  *Id.*  Finally, despite citing specific testimony about the defendant's misconduct, the district court "never explained whether or why this testimony demonstrated that this defendant's fraud was more harmful or egregious than the typical case."  *Id.*

  The D.C. Circuit's reasoning in *Akhigbe* applies almost in its entirety to this case.  As in *Akhigbe*, the district court here (1) relied on a categorical rationale that

4

would apply equally to a broad set of offenders and thus "provide[s] no individualized reasoning as to why the court believed a sentence . . . above the Guidelines range was appropriate for this particular defendant"; (2) invoked the § 3553(a) factors but "never explained why those factors justified [Ruiz's] particular sentence"; and (3) never explained why Ruiz's conduct "was more harmful or egregious than the typical case." Thus, as in *Akhigbe*, the district court committed procedural error. This Court should vacate Ruiz's sentence and remand the case.

### B. *Lynn* Error

The Government does not dispute that the district court's failure to consider one of Ruiz's arguments—that a lower sentence is justified because this was his first illegal reentry into the country—would be a procedural error that requires a remand for resentencing under *United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010). Instead, it argues that the district court addressed this factor (apparently *sub silentio*) as part of its consideration of Ruiz's "entire criminal record." Gov't Br. at 11.

The Government's argument lacks merit. There is nothing in the record to substantiate its assertion that, in addressing Ruiz's criminal record, the district court somehow also addressed Ruiz's contention that a low-end Guidelines sentence was warranted because this was the first time he had reentered the country illegally. Perhaps most tellingly, the Government's briefing on this point contains neither a quote from, nor a citation to, the record. *See* Gov't Br. at 11. That's because the court's discussion of Ruiz's criminal history focused exclusively on his prior drug

5

offenses. JA 52-54. The court simply never acknowledged that this was Ruiz's first immigration-related offense.

Moreover, it is well-established that an offender's history of immigration offenses (or lack thereof) is a relevant sentencing factor in illegal reentry cases, separate and apart from the offender's other criminal history. Indeed, the district court judge in this case (Judge Reidinger) has routinely found that having only a single reentry is a factor that supports a low-end Guidelines sentence. *See* Ruiz's Op. Br. at 11 n.3 (citing cases).

This view—that an offender's history of reentries is relevant separate and apart from other criminal history—is eminently reasonable. Not all re-entries are criminally punished, so it would make little sense to consider only those that result in a criminal conviction (rather than a mere deportation). Federal courts across the country share this view, as shown by the myriad recent decisions that rely on reentry history as a distinct factor in crafting illegal reentry sentences:

- *United States v. Medina*, 695 F.3d 702 (7th Cir. 2012): Affirming district court's reliance on "multiple instances of illegal reentry" (as a separate factor from the defendant's criminal history) to justify an above-Guidelines sentence. *Id.* at 704, 707.

- *United States v. Elodio-Benitez*, 672 F.3d 584 (8th Cir. 2012): Affirming district court's reliance on the defendant's "repeated illegal reentries" in denying his request for a larger downward variance. *Id.* at 586.

- *United States v. Tristan-Madrigal*, 601 F.3d 629 (6th Cir. 2010): Affirming district court's reliance on the defendant's "repeated removal-and-reentry cycles" as

6

one factor (separate from the defendant's other criminal history) that supported an upward variance. *Id.* at 634-35.

- *United States v. Rivera-Ramos*, 578 F.3d 1111 (9th Cir. 2009): Affirming sentence that relied on "the fact that [the defendant] did not have multiple reentries after his initial deportation" as one factor (separate from the defendant's other criminal history) that supported a downward variance. *Id.* at 1112.

- *United States v. Rodriguez-Rodriguez*, 530 F.3d 381 (5th Cir. 2008): Affirming reliance on "multiple deportations" as a factor (separate from the defendant's other criminal history) in rejecting the defendant's argument for a below-Guidelines sentence. *Id.* at 389.

In light of this abundant authority and the district court's own past practice, the court should have concluded that Ruiz's lack of multiple reentries was a factor supporting a within-Guidelines sentence. In any event, the court's failure to even consider Ruiz's argument is a procedural error under *Lynn*, which requires this Court to vacate the sentence and remand for further proceedings. *See Lynn*, 592 F.3d at 581-82 (vacating sentence where district court did not address defendant's "nonfrivolous" arguments for a within-Guidelines sentence).[1]

### C. *Simmons*-Related Error

The Government does not dispute that the district court would have committed a procedural error if it had based its sentence on improper factors such as

---

[1] The Government also argues that the relevance of Ruiz's reentry history is "undermine[d]" because he "has illegally re-entered the United States 100% of the time after having been deported, even if it was only once." Gov't Br. at 11. But this additional "fact" makes little difference because it will be equally true in virtually every illegal reentry case. And, in any event, even if the Government were right about the *weight* that should be given to Ruiz's argument, that wouldn't negate the procedural error here—which is that the district court failed to consider the argument at all.

7

the hypothetical, but-for-*Simmons* Guidelines range or its uncertainty about its legal ruling on the *Simmons* issue. The Government instead contends that the district court did not actually rely on such factors. Gov't Br. at 12-13. It argues, for example, that the court's ruling was "not couched in any uncertainty as to the court's prior [*Simmons*-related] ruling." *Id.* at 13.

The Government errs by reading the record too woodenly. It's true that the court did not say expressly that its sentence was based on its legal uncertainty about the *Simmons* issue. And it's also true that the court did not impose a sentence within the but-for-*Simmons* Guidelines range. But it's just as true that the court went out of its way—during the imposition of sentence—to emphasize that the *Simmons* issue was a "very close" call and that a contrary decision would have produced a much harsher sentencing range. JA 52-53. These factors *must* have influenced the court's view of the appropriate sentence—otherwise, why would it have discussed them in detail when explaining the sentence imposed? The district court's reliance on these factors was a procedural error that requires this Court to vacate Ruiz's sentence.

## II. The Upward Variance Sentence Is Substantively Unreasonable.

The Government argues in its brief that the upward variance sentence—which the Government did not request at sentencing—is substantively reasonable. In doing so, however, the Government relies solely on deference to the district court's decision: it doesn't attempt to elucidate the "compelling" reasons that distinguish this case from the "ordinary case" and justify a significant upward deviation from the

8

Guidelines range. Gov't Br. at 13-14. The Government's approach is unsurprising, for it determined at sentencing that no such "compelling" reasons existed (and thus it argued for a within-Guidelines sentence before the district court).

Besides relying on principles of deference, the Government makes one affirmative argument regarding substantive reasonableness. It says an upward variance to 19 months is substantively reasonable because that sentence is less than the 24-month statutory maximum. Gov't Br. at 15-16. But that fact alone does not establish substantive reasonableness—otherwise, the Supreme Court in *Gall* simply would have required the circuit courts to confirm that an above-Guidelines sentence did not exceed the statutory maximum. Instead, the *Gall* Court made clear that the circuit courts must provide "meaningful appellate review" for substantive reasonableness. 552 U.S. at 50.

As explained in Ruiz's opening brief, the totality of the circumstances in this case provides no compelling basis for a substantial deviation above the Guidelines range. Ruiz's case is indistinguishable from the "ordinary" illegal reentry case that should be sentenced within the Guidelines range (*see Kimbrough*, 552 U.S. at 109): Ruiz was deported just once, the Guidelines range adequately accounts for his petty criminal history, and he returned to the United States to provide for his family through a lawful occupation. *See* Ruiz's Op. Br. at 12-14. Given these circumstances, the upward variance imposed by the district court is substantively unreasonable.

9

## **CONCLUSION**

For the reasons stated above and in Ruiz's opening brief, this Court should vacate Ruiz's sentence and remand for resentencing within the Guidelines range. It also should order that resentencing be conducted by a different district court judge.

DATED this 4th day March, 2013.

        Respectfully submitted,

        Henderson Hill
        Executive Director
        FEDERAL DEFENDERS OF
            WESTERN NORTH CAROLINA, INC.

        s/ Joshua B. Carpenter
        Appellate Attorney
        FEDERAL DEFENDERS OF
            WESTERN NORTH CAROLINA, INC.
        One Page Avenue, Suite 210
        Asheville, North Carolina 28801
        (828) 232-9992

        *Counsel for Appellant*

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>2,322</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Garamond.</u>

                                                        /s/ Joshua B. Carpenter
                                                        Joshua B. Carpenter

Dated: March 4, 2013

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 4, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>John D. Pritchard
>*Special Assistant U.S. Attorney*
>OFFICE OF THE
>   U.S. ATTORNEY
>United States Courthouse
>100 Otis Street, Room 233
>Asheville, NC 28801
>(828) 271-4661
>
>*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

>/s/  Melissa A. Dockery
>Melissa A. Dockery
>GIBSON MOORE APPELLATE SERVICES, LLC
>421 East Franklin Street, Suite 230
>Richmond, VA  23219